UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – x

PANASONIC CORPORATION,                    :

             Plaintiff,          :    CASE NUMBER:

                 :

      v.                       :

PLUS SUPPLY INTERNATIONAL, INC.; and     :
LEON KOHN,                               :

            Defendants.        :

– – – – – – – – – – – – – – – – – – – x

## COMPLAINT

Plaintiff Panasonic Corporation ("Plaintiff" or "Panasonic"), through its attorneys, complaining of defendants, alleges as follows:

### STATEMENT OF THE CASE

1.    This is an action for injunctive relief and damages under the Lanham Act, New York statutory law and the common law based on defendants' offering for sale and sale of counterfeit Panasonic products.

### JURISDICTION AND VENUE

2.    This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

3.    This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law

464767.1

claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

## THE PARTIES

5.     Plaintiff Panasonic is a corporation duly organized and existing under the laws of Japan, having an office and principal place of business at 1006 Oaza Kadoma, Kadoma-shi Osaka 571-8501, Japan.

6.     Upon information and belief, defendant Plus Supply International, Inc. ("Plus Supply") is a corporation duly organized and existing under the laws of the State of New York, having a principal place of business at 710 Chestnut Ridge Road, Spring Valley, New York 10977.

7.     Upon information and belief, defendant Leon Kohn is the principal of Plus Supply.  Upon further information and belief, he is the conscious, active and dominant force behind the wrongful activities of Plus Supply complained of herein.

8.     Panasonic is informed and believes and thereupon alleges that at all times relevant hereto Plus Supply and Leon Kohn (together referred to as "Defendants") are and have been doing business in the State of New York and are and have purchased and/or sold and/or distributed merchandise wrongfully bearing counterfeits of Panasonic registered trademarks.

## PANASONIC'S ACTIVITIES

9.     Panasonic manufactures and distributes numerous products, and it is perhaps best known as one of the largest electronics companies in the world.  Panasonic, through its subsidiaries, distributes, sells and advertises numerous Panasonic brand products in the United

States. Such products include Panasonic toner cartridges, which bear one or more of Panasonic's trademarks (hereinafter the "Panasonic Toner Cartridges").

10.    Panasonic is responsible for marketing and selling in interstate commerce the high quality Panasonic Toner Cartridges, all of which are sold with Panasonic's warranty.

11.    Panasonic Toner Cartridges are identified by the trade name and trademark "PANASONIC."

12.    Panasonic is the owner of numerous registrations in the U.S. Patent and Trademark Office for, *inter alia*, its "PANASONIC" mark. Of particular relevance herein, Panasonic owns (1) U.S. Trademark Registration No. 1,392.840 for "PANASONIC," issued May 13, 1986, for developers and toners, in International Class 1; and (2) U.S. Trademark Registration No. 3,460,193 for "PANASONIC," issued July 8, 2008, for ink film for facsimile machines and ink ribbon cassettes, in International Class 2 (together the "Panasonic Registered Trademark"). A copy of the registrations are attached hereto as Exhibit 1.

13.    The Panasonic Registered Trademark is in full force and effect and has never been abandoned.

14.    Panasonic has used the Panasonic Registered Trademark for many years on and in connection with Panasonic Toner Cartridges.

15.    The Panasonic Registered Trademark identifies high quality products originating with Panasonic.

16.    Panasonic has gone to great lengths to protect the Panasonic name and enforce its trademarks.

DEFENDANTS' INFRINGING ACTIVITIES

17.     Upon information and belief, Defendants have infringed and threaten to further infringe the Panasonic Registered Trademark by distributing and selling unauthorized merchandise, including but not limited to toner cartridges. The unauthorized products which are being distributed and sold by Defendants utilize simulations and unauthorized copies of products bearing the Panasonic Registered Trademark.  The display of such infringing products by Defendants is an unauthorized public display of products bearing the Panasonic Registered Trademark. The marketing of such infringing products by Defendants is an unauthorized distribution of products bearing copies of the Panasonic Registered Trademark.

18.     Long after Panasonic's adoption and use of its trademark on toner cartridges and other goods, and long after Panasonic's federal registration of its trademark, Defendants, on information and belief, commenced the distribution and sale of toner cartridges bearing counterfeits and infringements of the Panasonic Registered Trademark as that trademark appears on Panasonic's products, and as shown in the U.S. trademark registrations attached to this Complaint.

19.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of the Panasonic Registered Trademark; are in total disregard of Panasonic's rights and were commenced and have continued in spite of Defendants' knowledge that the use of the Panasonic Registered Trademark, or copies or colorable imitations thereof, was and is in direct contravention of Panasonic's rights.

20.     The use by Defendants of a copy of the Panasonic Registered Trademark has been without Panasonic's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the

goods sold by Defendants are authorized, sponsored, or approved by Panasonic when, in fact, they are not.

COUNT I
TRADEMARK COUNTERFEITING
15 U.S.C. § 1114

21.    Panasonic incorporates and realleges all prior allegations.

22.    Defendants have used spurious designations that are identical to, or substantially indistinguishable from, the Panasonic Registered Trademark on goods covered by the registration for the Panasonic Registered Trademark.

23.    Defendants have intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of goods for their own personal financial gain and such intentional and willful conduct by the Defendants makes this an exceptional case.

24.    Defendants' use of the Panasonic Registered Trademark to advertise, offer for sale, sell and distribute Defendants' counterfeit products was and is without the consent of Panasonic.

25.    Defendants' unauthorized use of the Panasonic Registered Trademark on and in connection with the advertising, distribution and sale of counterfeit goods constitutes Defendants' use of the Panasonic Registered Trademark in commerce.

26.    Defendants' unauthorized use of the Panasonic Registered Trademark as set forth above is likely to:

      a.    cause confusion, mistake and deception;

b.  cause the public to believe that Defendants' counterfeit products are the same as Panasonic's products and/or that Defendants are authorized, sponsored or approved by Panasonic or that Defendants are affiliated, connected or associated with or in some way related to Panasonic;

c.  result in Defendants unfairly benefiting from Panasonic's advertising and promotion, and profiting from the reputation of Panasonic's advertising and promotion, and profiting from the reputation of Panasonic and its Panasonic Registered Trademark all to the substantial and irreparable injury of the public, Panasonic and the Panasonic Registered Trademark and the substantial goodwill represented thereby.

27.  Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28.  Panasonic has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damages as a result of Defendants' acts as aforesaid in an amount not thus far determined but believed to be in excess of One Million Dollars ($1,000,000).

29.  Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

30.  Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

COUNT II
TRADEMARK INFRIGEMENT
15 U.S.C. § 1114

31.    Panasonic incorporates and realleges all prior paragraphs.

32.    The Panasonic Registered Trademark is fanciful and arbitrary and is associated in the mind of the public with Panasonic.

33.    Based on Panasonic's extensive advertising, sales and the wide popularity of Panasonic's products, the Panasonic Registered Trademark has acquired secondary meaning so that any product and advertisement bearing such trademark is immediately associated by purchasers and the public as being a product of Panasonic.

34.    Defendants use the Panasonic Registered Trademark in connection with Defendants' sale, distribution and advertising of its counterfeit goods.

35.    Defendants' activities as aforesaid constitute Defendants' use in commerce of the Panasonic Registered Trademark.

36.    Defendants have used the Panasonic Registered Trademark without Panasonic's consent or authorization.  Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Panasonic, or that Panasonic has approved, sponsored or otherwise associated itself with Defendants, which is untrue.

37.    Defendants have intentionally used the Panasonic Registered Trademark knowing it is the exclusive property of Panasonic in connection with the offering for sale, sale and distribution of counterfeit goods.

38.     Defendants' conduct is intended to exploit the goodwill and reputation associated with the Panasonic Registered Trademark.

39.     Panasonic has no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Panasonic's reputation and valuable goodwill in its trademark is at the mercy of Defendants' unscrupulous tactics.

40.     Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Panasonic to use the Panasonic Registered Trademark to advertise, manufacture, distribute, appraise, offer for sale or sell counterfeit products bearing the Panasonic Registered Trademark when Defendants are not so authorized.

41.     Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Panasonic when the Defendants are not.

42.     Defendants' unauthorized use of the Panasonic Registered Trademark as set forth above has resulted in Defendants unfairly benefiting from Panasonic's advertising and promotion, and profiting from Panasonic's reputation and the Panasonic Registered Trademark, to the substantial and irreparable injury of the public, Panasonic and the Panasonic Registered Trademark and the substantial goodwill represented thereby.

43.     Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Defendants' acts have caused, and will continue to cause, great and irreparable injure to Panasonic, and unless such acts are restrained by this Court, they will be continued, thereby causing Panasonic to continue to suffer great and irreparable injury.

45.     Panasonic is informed and believes and thereon alleges that Defendants' infringement is both intentional and egregious.

46.     Panasonic has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

47.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

<u>COUNT III</u>
<u>FALSE DESIGNATIONS OF ORIGIN,</u>
<u>FALSE DESCRIPTIONS AND REPRESENTATIONS</u>
<u>15 U.S.C. § 1125(a)</u>

48.     Panasonic incorporates and realleges all prior allegations.

49.     Defendants have, in connection with their goods, used in commerce, and continue to use in commerce the Panasonic Registered Trademark.

50.     Defendants have affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including the Panasonic Registered Trademark, which tend falsely to describe the origin, sponsorship, association or approval by Panasonic of the goods sold by the Defendants.

51.    Defendants' use the Panasonic Registered Trademark with full knowledge of the falsity of such designation of origin, description and representation, all to the detriment of Panasonic.

52.    Defendants' use of Panasonic Registered Trademark on the counterfeit goods constitutes false descriptions and representations tending to falsely describe or represent Defendants and Defendants' products as being authorized, sponsored, affiliated or associated with Panasonic.

53.    Defendants use the Panasonic Registered Trademark on counterfeit goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Panasonic and to improperly appropriate to themselves the valuable trademark rights of Panasonic.

54.    Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Panasonic in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.    Defendants' wrongful acts will continue unless enjoined by this Court.

56.    Panasonic has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

57.    Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

464767.1

10

COUNT IV
FEDERAL TRADEMARK DILUTION
15 U.S.C. § 1125 (c)

58.    Panasonic incorporates and realleges all prior allegations.

59.    Panasonic is the exclusive owner of the Panasonic Registered Trademark referenced herein.

60.    Defendants' use of the Panasonic Registered Trademark on the counterfeit goods they sell constitutes Defendants' commercial use in commerce of the Panasonic Registered Trademark.

61.    This "PANASONIC" mark has been used for many years and is so globally recognized and associated with Panasonic that it is entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

62.    The Panasonic Registered Trademark has come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with Panasonic and its distinctive reputation for high quality. The purchasing public is likely to attribute to Panasonic Defendants' use of the Panasonic Registered Trademark as a source of origin, authorization and/or sponsorship for the products Defendants sell and further, purchase Defendants' products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Panasonic, when Defendants are not.

63.    Panasonic has not authorized or licensed the use of the "PANASONIC" trademark to Defendants.

64.    Defendants' unauthorized use of the Panasonic Registered Trademark in its marketing, sale and distribution of counterfeit products is diluting the distinctive quality of the

Panasonic Registered Trademark and the goodwill associated with it in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c).

65.    Such conduct has injured Panasonic and said injury will continue unless the Court enjoins Defendants from committing further wrongful acts.

66.    Upon information and belief, Defendants intentionally and willfully utilize the Panasonic Registered Trademark and trade on Panasonic's reputation and goodwill.

67.    Panasonic has no adequate remedy at law and has suffered and will continue to suffer irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

68.    Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

COUNT V
NEW YORK ANTI-DILUTION STATUTE
NEW YORK GENERAL BUSINESS LAW § 368-d

69.    Panasonic incorporates and realleges all prior allegations.

70.    Panasonic, on behalf of itself and the general public, seeks recovery from Defendants for violation of the New York General Business Law § 368-d.

71.    Panasonic is the exclusive owner of the Panasonic Registered Trademark referenced herein.

72.    The Panasonic Registered Trademark is famous and inherently distinctive.

73.    Defendants' unauthorized use of the Panasonic Registered Trademark in their marketing, sale and distribution of counterfeit products is diluting the distinctive quality of the Panasonic Registered Trademark and the goodwill associated therewith.

74.    Panasonic has suffered and will continue to suffer irreparable injury as a result of Defendants' unauthorized use of Panasonic's famous and distinctive Panasonic Registered Trademark.

75.    Defendants' conduct will continue unless enjoined by this Court.

76.    Panasonic has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

77.    Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

### COUNT VI
### UNFAIR TRADE PRACTICES
### NEW YORK GENERAL BUSINESS LAW § 360-l

78.    Panasonic incorporates and realleges all prior allegations.

79.    Panasonic, on behalf of itself and the general public, seeks recovery from Defendants for violation of New York General Business Law § 360-l, et seq.

80.    By virtue of Defendants' unauthorized use and promotion of the Panasonic Registered Trademark, such use trading on the good will associated with Panasonic and made for purposes of influencing consumers, Defendants have misled and will continue to mislead the public into assuming a connection between Panasonic and Defendants' products.

464767.1                                    13

81.     By falsely suggesting a connection with or sponsorship by Panasonic, Defendants are likely to cause public confusion constituting unfair competition within the meaning of New York Business Law § 360-l.

82.     Panasonic has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

83.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

COUNT VII
COMMON LAW TRADEMARK INFRINGEMENT

84.     Panasonic incorporates and realleges all prior allegations.

85.     Defendants' acts previously alleged herein constitute common law trademark infringement.

86.     Panasonic is informed and believes and thereon alleges that Defendants committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of Panasonic's rights, and Panasonic is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

87.     The distribution and sale of the unauthorized and infringing products by Defendants are without any permission, license or other authorization from Panasonic. The said unauthorized products are being distributed and sold in interstate commerce.

88.    Panasonic has no adequate remedy at law and has suffered and will continue to suffer irreparable harm and damage to its business reputation, good will and stature in the community as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

89.    Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of One Million Dollars ($1,000,000).

## COUNT VIII
## MISAPPROPRIATION AND UNFAIR COMPETITION
## UNDER COMMON LAW

90.    Panasonic incorporates and realleges all prior allegations.

91.    Defendants' aforesaid acts constitute misappropriation and infringement of Panasonic's property rights, goodwill and reputation and unfair competition under the common law of the State of New Jersey.

## PRAYER FOR RELIEF

WHEREFORE, Panasonic demands judgment against the Defendants as follows:

I.    That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

A.    Using any reproduction, counterfeit, copy or colorable imitation of the Panasonic Registered Trademark to identify any goods or the rendering of any services not authorized by Panasonic;

B.    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Panasonic' business reputations or dilute the distinctive quality of Panasonic's name and the Panasonic Registered Trademark;

C.    Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Panasonic or sponsored by or associated with Panasonic and from offering such goods into commerce;

D.    Further infringing the Panasonic Registered Trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Panasonic bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Panasonic Registered Trademark;

E.    Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Panasonic Registered Trademark in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Panasonic, or to any goods sold, manufactured, sponsored or approved by, or connected with Panasonic;

F.    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products manufactured, distributed, sold or rented by Defendants are in any

manner associated or connected with Panasonic, or is sold, manufactured, licensed, sponsored, approved or authorized by Panasonic;

G.     Constituting an infringement of the Panasonic Registered Trademark or of Panasonic's rights in, or to use or to exploit, said Panasonic Registered Trademark, or constituting any dilution of Panasonic's name, reputation or goodwill;

H.     Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Panasonic Registered Trademark; and

I.     Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H).

II.     Directing that Defendants deliver up for destruction to Panasonic all unauthorized products and advertisements in their possession or under their control bearing any Panasonic Registered Trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. §1118.

III.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or

otherwise circulated or promoted by Defendants are authorized by Panasonic or related in any way to Panasonic's products.

IV.     Requiring Defendants to pay to Panasonic such damages as Panasonic has sustained as a consequence of Defendants' infringement of the Panasonic Registered Trademark and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Panasonic Registered Trademark and that the award to Panasonic be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Panasonic be awarded statutory damages pursuant to 15 U.S.C. § 1117 (c) of up to $2,000,000 for each trademark that Defendants have willfully counterfeited and infringed.

V.     Ordering that Panasonic recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

VI.     Directing that this Court retain jurisdiction of this action for the purpose of enabling Panasonic to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

VII.     Awarding to Panasonic such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Panasonic has incurred in connection with this action.

DATED: September 20, 2010                    Respectfully submitted,

                                             AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                             By:_____
                                             Anthony F. Lo Cicero
                                             alocicero@arelaw.com

464767.1                                     18

Marc J. Jason
mjason@arelaw.com
Suzue Fujimori
sfujimori@arelaw.com
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

Attorneys for Plaintiff
PANASONIC CORPORATION

464767.1                                19

# EXHIBIT 1

Int. Cls.: 1, 9 and 16

Prior U.S. Cls.: 6, 21, 26 and 37

Reg. No. 1,392,840

## United States Patent and Trademark Office

Registered May 13, 1986

## TRADEMARK
### PRINCIPAL REGISTER

## PANASONIC

MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. (JAPAN CORPORATION)
1006 OAZA KADOMA
KADOMA-SHI, OSAKA PREFECTURE, JAPAN

FOR: DEVELOPERS AND TONERS, IN CLASS 1 (U.S. CL. 6).
FIRST USE 7-31-1981; IN COMMERCE 8-31-1981.
FOR: DOT MATRIX PRINTERS, COMPUTER DISPLAYS, ELECTRONIC PLAIN PAPER COPIERS, AUTOMATIC DOCUMENT FEEDERS, SORTERS, PHOTOCONDUCTORS, CASSETTES AND CONSOLES FOR COPIERS, IN CLASS 9 (U.S. CLS. 21 AND 26).

FIRST USE 7-31-1981; IN COMMERCE 8-31-1981.
FOR: COPIER PAPER, IN CLASS 16 (U.S. CL. 37).
FIRST USE 7-31-1981; IN COMMERCE 8-31-1981.
OWNER OF U.S. REG. NOS. 1,344,352, 1,353,852 AND OTHERS.

SER. NO. 563,639, FILED 10-17-1985.

ROBERT RABINOWITZ, EXAMINING ATTORNEY

Int. Cls.: **2 and 16**

Prior U.S. Cls.: **2, 5, 6, 11, 16, 22, 23, 29, 37, 38 and 50**

**United States Patent and Trademark Office**

Reg. No. 3,460,193
Registered July 8, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# Panasonic

MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD. (JAPAN CORPORATION)
1006 OAZA KADOMA
KADOMA-SHI OSAKA, JAPAN 571-8501

FOR: INK FILM FOR FACSIMILE MACHINES; INK RIBBON CASSETTES, IN CLASS 2 (U.S. CLS. 6, 11 AND 16).

FIRST USE 11-1-1983; IN COMMERCE 11-1-1983.

FOR: ELECTRIC STAPLERS; ELECTRIC STAPLERS FOR OFFICE USE; BATTERY OPERATED LETTER OPENERS; ELECTRIC PENCIL SHARPENERS; ELECTRIC HOLE PUNCHES; THERMAL PAPER FOR FACSIMILE MACHINES; PAPER STAPLERS; STAPLES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1955; IN COMMERCE 0-0-1961.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 859,262, 2,219,862, AND 3,108,573.

SER. NO. 77-096,127, FILED 1-31-2007.

ANDREA HACK, EXAMINING ATTORNEY